**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

XAVIER REYNOSO,

Plaintiff

v.

MARIO REYNOSO, JR.,

Defendants

Case No.: 3:26-cv-00562-MMD-CSD

**Order**

Re: ECF No. 3

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 3) and pro se complaint (ECF No. 3-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff submitted the court's short form IFP application. In the form, Plaintiff indicates that he receives approximately $750 per month in disability payments and – at the time he filed his application in July 2026 – had almost $4,000 in a checking or savings account. He owns a home and two vehicles and has about $3,000 in monthly expenses; he further asserts he will "soon" have to begin paying back his student loans. He was, at the time he filed his application, unemployed.

Based on the information provided in the short form, Plaintiff may be able to pay the filing fee. However, the court would benefit from updated and more thorough information, including whether Plaintiff remains unemployed, when his student loan payments will commence, and what the amount of his monthly student loan repayment will be. Accordingly, the court will deny Plaintiff's application to proceed IFP without prejudice to re-submit on the court's long form, which will provide greater detail about his income and expenses. In the alternative, Plaintiff may instead pay the full $405 filing fee.

/

/

/

/

/

/

/

/

## II. CONCLUSION

Plaintiff's IFP application (ECF No. 3) is **DENIED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff the long form IFP application and instructions for the same. Plaintiff has **30 days** from the date of this Order to either file the long form IFP application or pay the $405 filing fee. If Plaintiff fails to timely comply with this Order, Plaintiff's action may be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: November 19, 2026

Craig S. Denney
United States Magistrate Judge